**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gary Lee Holman,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Ms. Cruz, Warden, F.C.P. Duluth, MN,<br><br>　　　　　　Respondent. | Civ. No. 08-647 (RHK/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Gary Lee Holman, 10334-196, Duluth Federal Prison Camp, P.O. Box 1000, Duluth, MN  55814, *pro se*.

Erica H. MacDonald, Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge.

　　This matter is before this Court on Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241.  (Doc. No. 1.)  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed with prejudice.

**I.　INTRODUCTION**

　　Petitioner is incarcerated at the Federal Prison Camp in Duluth, Minnesota. He is serving a 120-month sentence, with five years supervised release, imposed by the United States District Court for the District of Arizona for conspiracy to

possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(a)(viii).  (Doc. No. 7, Decl. of Ann Norenberg ("Norenberg Decl.") ¶ 3.)  Petitioner has a projected release date of August 12, 2011.  (*Id.*)

Petitioner alleges that the Bureau of Prisons ("BOP") violated his due process rights when it deprived him of Good Conduct Time ("GCT") credits after he withdrew from the General Education Development ("GED") Literacy Program of the BOP.  Petitioner completed 651 hours of the program during the year 2006, but chose to withdraw from the program on December 5, 2006, without obtaining his GED.  (Norenberg Decl. ¶ 9, Attach. D.)   Petitioner contends that he has complied with the requirements of the program by completing more than 240 hours as set forth in 28 C.F.R. §§ 544.73(2)(c) and § 544.75.  Petitioner contends that once he completed the required 240 hours, he then became eligible for, and should have received, 54 days per year of GCT credit.

However, because Petitioner has not yet earned his GED, and is no longer making satisfactory progress toward obtaining his GED, the BOP reduced his GCT earnings to 42 days per year—not the 54 days per year he was earning while he was making satisfactory progress toward a GED.  Petitioner filed administrative remedy actions with the institution, regional, and central offices of the BOP.  His requests were denied at all levels; the Offices found his GCT

earnings rate in compliance with policy and statutory authority.  (Norenberg Decl. ¶ 10, Attach. G.)

This Court concludes that Petitioner was eligible to receive enhanced GCT credits of 54 days per year only while he was making satisfactory progress toward obtaining his GED or upon earning the degree.  Petitioner voluntarily withdrew from the GED program and thus lost the opportunity to earn ongoing GCT credits of 54 days per year.  If, as Petitioner contends, inmates became eligible for the enhanced GCT credits simply by completing the required 240 hours of instruction, there would be less incentive for inmates to continue in the program and obtain a GED.  As the BOP's Program Statement concerning the literacy program notes:  "The literacy program is designed to help inmates develop foundational knowledge and skill in reading, math, and written expression, and to prepare inmates to get a General Educational Development (GED) credential.  A high school diploma is the basic academic requirement for most entry-level jobs.  People who function below this level often find it very difficult to get a job and carry out daily activities."  (Norenberg Decl. ¶ 6, Attach. B.)  Petitioner could have chosen to reenter the program after December 5, 2006, and thus become eligible for the enhanced GCT credits, but he has chosen not to.  Instead, Petitioner seeks the "restoration" of GCT credits of 54 hours per year, which Petitioner was not awarded after he withdrew from the literacy program in December 2006.  This Court concludes that the Petition should be

3

dismissed with prejudice.[1]

## II.   BACKGROUND

The BOP is required to provide a literacy program for inmates in federal institutions.  *See* 18 U.S.C. § 3624(f).  Title 18, section 3624(f), of the United States Code directs the BOP to determine a mandatory period of time that each eligible inmate is *required* to attend the literacy program.  Inmates who do not have a high school diploma or GED must attend a literacy program for a minimum of 240 hours or until a GED is obtained, whichever is first.  *See* 28 C.F.R. § 544.70.  Inmates in this category must participate in the literacy program and participation is not optional.  The BOP denies certain privileges to any inmate who refuses to participate in or withdraws from the program before the minimum 240 hours is completed.

Section 3624 of the United States Code, however, also directs the BOP to implement "appropriate incentives which lead to successful completion of such programs."  *See* 18 U.S.C. § 3624(f)(2).  As a result, if an inmate does not obtain

---

[1]   Petitioner also filed a Motion For Relief Under Rule 55(d) Default Judgment in which he argues that: (a) the Respondent failed to file an answer to the Petition within 30 days of this Court's Order to Show Cause; and (b) he is entitled to habeas relief on the merits of his claim.  (*See* Doc. No. 8.)  However, Respondents filed and served their response to the Petition in a timely fashion (*see* Doc. Nos. 6, 7), and this Court is recommending that the Petition be denied on the merits.  Therefore, this Court is also recommending that Petitioner's Motion for Default Judgment (Doc. No. 8) be denied.

his GED within the 240 hours, the BOP offers GCT credits to encourage further participation. Specifically, 54 days of GCT credit will be awarded if the inmate has earned or is making satisfactory progress towards his GED. 28 C.F.R. § 523.20(c)(1); *see also* 18 U.S.C. § 3624(b) ("In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted."). Although once an inmate has completed the mandatory 240 hours he is not subject to any disciplinary sanctions if he refuses to participate beyond that to obtain his GED (Norenberg Decl. ¶¶ 6, 7, Attach. B), the BOP does reduce the rate of GCT earnings if the inmate refuses to continue in the program. Specifically, if an inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days of GCT credit.[2]

As noted above, Petitioner was sentenced to 120 months under the

---

[2] In addition, B.O.P. Program Statement 5884.03, *Good Conduct Time Credits Under the Prisoner Litigation Reform Act* (PLRA), requires an inmate sentenced under the PLRA, like Petitioner here, to have earned or be making satisfactory progress toward earning a GED credential before being awarded the maximum amount of GCT credit allowed. (Norenberg Decl. ¶ 8, Attach C.) That policy further states that a PLRA inmate shall earn GCT at the annual rate of 42 days credit for each year served "if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma." (*Id.*)

provisions of the PLRA, and, as a result, he was required to earn or make satisfactory progress toward earning his GED.  18 U.S.C. § 3624(f).  In 2006, he completed 651 hours of the literacy program, but he did not obtain his GED.  On December 5, 2006, Petitioner voluntarily withdrew from the program.  Petitioner was advised that his decision to withdraw from the program would have a negative impact on the amount of GCT credits he was able to earn, and he was listed as GED Progress Unsatisfactory.  (Norenberg Decl. ¶ 9, Attach. E.)  In fact, because Petitioner voluntarily withdrew from the program, and because Petitioner has not yet earned his GED and is no longer making satisfactory progress toward obtaining it, his GCT credit earnings have been reduced to 42 days per year.  (Norenberg Decl. ¶ 9, Attach. F.)

## III.     THE PETITION SHOULD BE DENIED BECAUSE THERE HAS BEEN NO VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS

In order to succeed on his due process claim, Petitioner must show that he has been deprived of some constitutionally protected liberty or property interest, without being afforded the procedural benefits of due process.  *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997).  The due process claim thus requires a two-step analysis.  "The first question is whether [the Petitioner] has been deprived of a protected liberty or property interest . . . . If he does have a protected interest, we then consider what process is due[.]"  *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (citations omitted).

Federal courts have often held that prisoners do have a liberty interest in earned GCT credits because they directly and inevitably affect the duration of a prisoner's confinement. *See, e.g.*, *Louis v. Dep't of Corr. Servs. of Neb.*, 437 F.3d 697, 700 (8th Cir.) ("The inmates possess a protected liberty interest in not being arbitrarily deprived of their good-time credits, and thus NSP [Nebraska State Penitentiary] must observe due process when the credits are in issue."), *cert. denied*, 127 S.Ct. 355 (2006); *Bridgeman v. Ault*, No. 98-3681SI, 1999 WL 425834, at *1 (8th Cir. June 14, 1999) ("An inmate must be afforded procedural protections before being deprived of a protected liberty interest in good-time credits.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)).

In a disciplinary context where an inmate has been charged with misconduct and faces a loss of GCT credit, the prisoner is afforded an array of due process rights in connection with disciplinary proceedings. *Wolff*, 418 U.S. at 563-66. The application of such procedural due process is aimed at ensuring that disciplinary action that may result in the loss of GCT credit is not arbitrary or capricious. The GCT credit that Petitioner is disputing in this case, however, is not earned time that is being disallowed as a result of some serious misconduct on Petitioner's part. Instead, Petitioner has not earned the maximum GCT credit because he voluntarily withdrew from the GED Literacy Program. Prisoners do not have a liberty interest—unless statutorily created—in opportunities to obtain GCT credits. *See Wolff*, 418 U.S. at 557 (noting state statute created right to

good-time credits); *see also Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (stating that for good-time credits to be considered liberty interests, the state "must have created a mandatory scheme which necessarily affects the duration of a prison's sentence[,]" and distinguishing the Iowa statutes that indicate that inmates are eligible to receive good time for good behavior from the mandatory statute at issue in *Wolff v. McDonnell*); *Albers v. Ralston*, 665 F.2d 812, 815 (8th Cir. 1981) (distinguishing cases that did not address situations where a statute, rule, or regulation had created constitutionally cognizable liberty interests). Here, even assuming that Petitioner's interest in the GCT credits at issue should be viewed as a liberty interest, Petitioner has not established that he was denied due process.

The first hallmark of due process is notice. *See Coffman v. Trickey*, 884 F.2d 1057, 1060 (8th Cir. 1989) ("A fundamental tenet of due process is that to be sanctioned one must have received fair notice."). When Petitioner requested to withdraw from the GED program on December 5, 2006, after having completed 651 hours of the program, he was advised that his decision to withdraw from the program would have a negative impact on the amount of GCT he was able to earn from that point forward.[3] (Norenberg Decl. ¶ 9.) Therefore,

---

[3] No disciplinary action was taken against Petitioner because of his decision to withdraw from the program, and there was no bar to his reentering the program and thus returning to a "satisfactory progress" status, which would have

Petitioner was provided notice.

In addition to notice, Petitioner was given an opportunity to contest his claim that he should be entitled to 54 days GCT credit even though he withdrew from the literacy program. The BOP gave him a chance to present his arguments at each of the three stages of the BOP's administrative remedy process with the institution, region, and central offices. (Norenberg Decl. ¶ 10, Attach. G.) Petitioner's arguments were received, considered and addressed on the merits. Therefore, the BOP's administrative remedy process provided adequate due process to Petitioner. *See Esparaza-Ramirez v. Hollingsworth*, No. 06-12 (DWF/SRN), 2007 WL 1201616, at *6 (D. Minn. Apr. 20, 2007) (discussing how the BOP administrative remedy process provided adequate due process in denial of prisoner's claim for a retroactive award of good-time credits).

Further, Petitioner cannot show that his GCT credit request was denied based on caprice or ill-will, rather than rules and reason. The BOP has adopted regulations and program statements that are designed to implement the congressional mandates set forth at 18 U.S.C. § 3624(b), *i.e.,* that in awarding GCT credit, "the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." The onus is on the prisoner. If the

---

earned him the 54 days GCT credit per year.

9

prisoner has not met the conditions, then he cannot earn the maximum available GCT credits.

Finally, this Court disagrees with the conclusion in *Snider v. Daniels*, 445 F. Supp. 2d 1233 (D. Or. 2006).  There, the court concludes that once a prisoner completes the 240 hours of required instruction, he is entitled to the 54 hours of GCT credit, even if he withdraws from the program and does not continue to make satisfactory progress towards a GED.  *Id.* at 1235.  The court's conclusion is based in part on an interpretation of 28 C.F.R. § 544(b)(2)(c), which requires inmates to complete the 240 minimum hour requirement, but states that "no disciplinary action will be taken" if the inmate does not obtain a GED by the end of the 240 hours of instruction.  *Id.*  The court further notes the following language from the BOP's Program Statement 5350.28: "the literacy coordinator should strongly encourage the inmate to continue in the literacy program."  *Id.*  The court interpreted this language to mean that the BOP could not impose a requirement that the inmate continue to make satisfactory progress toward a GED after completing 240 hours in order to be eligible to obtain the 54 hours of GCT credit per year.  *See id.* ("BOP is without discretion to go beyond the unambiguous terms of its program statement.") (quotations omitted).

However, the court's reasoning in *Snider* ignores the fact that the BOP issued Program Statement 5884.03, which specifically addresses the issue of

earning GCT under the Prison Litigation Reform Act.  Unlike BOP Program Statement 5350.28, which only addresses the requirement of taking 240 hours of instruction, BOP Program Statement 5884.03 addresses how many GCT credits are given when an inmate withdraws from the program (*i.e.*, is not making satisfactory progress toward earning a GED credential or high school diploma).  BOP Program Statement 5884.03 carries out the policy expressed in 28 C.F.R. §§ 523.20 and 544.73(b) that GCT credit of 54 days for each year served should be awarded for inmates who have earned, or are making satisfactory progress toward earning, a GED:

> For inmates serving a sentence for an offense committed on or after April 26, 1996, the bureau will award
>
> (1)  54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
>
> (2)  42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(Norenberg Decl. ¶ 8, Attach. C (citing 28 C.F.R. § 523.20)).  Therefore, the BOP was justified in awarding Petitioner with only 42 days of GCT credit per year after his voluntary withdrawal of the GED literacy program.  This is consistent with the statutory mandate of 18 U.S.C. § 3624(b) and the regulations found at 28 C.F.R.

§ 523.20(c)(2).  *See Couch v. Patton*, No. 08-CV-9-HRW, 2008 WL 489329, at *2-4 (E.D. Ky. Feb. 20, 2008) (finding that "as a result of [petitioner's] voluntary withdrawal, the BOP is justified in awarding the petitioner with only 42 days of GCT per year[.]"); *Davis v. Stine*, No. 6: 07-172-DCR, 2007 WL 2403665, at *2-4 (E.D. Ky. Aug. 21, 2007) (finding an award of 42 days credit consistent with 18 U.S.C. § 3624(b) and 28 C.F.R. § 523.20(c)(2)).

### IV.   CONCLUSION

For the reasons discussed above, this Court finds that Petitioner is unable to establish that the BOP violated his federal constitutional rights by not giving him 54 hours per year of GCT credit after he voluntarily withdrew from the literacy program.  The Court therefore recommends that Petitioner's Habeas Corpus Petition be **DENIED**, that Petitioner's Motion for Relief Under Rule 55(d) Default Judgment be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

### V.   RECOMMENDATION

Based on all the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), be **DENIED**;

2. Plaintiff's Motion for Relief Under Rule 55(d) Default Judgment (Doc. No. 8) be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: October 23, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 6, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.